LEFKOW, District Judge,
dissenting:
Because I conclude that the California Court of Appeal’s finding that petitioner’s trial counsel made a “tactical decision” not to call Darryl Bridges as a witness was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding, and because its ultimate conclusion that counsel’s performance did not fall outside the wide range of reasonable professional conduct was contrary to clearly established federal law, I respectfully dissent with respect to petitioner’s attempted murder conviction.
Under 28 U.S.C. § 2254(d)(2), we determine whether the State court’s decision “was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.” Where the State court fails to consider and weigh relevant evidence that is highly probative and central to petitioner’s claim, that failure can fatally undermine the fact-finding process, rendering the resulting factual finding unreasonable. Taylor v. Maddox, 366 F.3d 992, 1001 (9th Cir.2004). The California Court of Appeal found that petitioner’s counsel had investigated the possibility of calling Bridges to testify but made a “tactical decision” not to do so because he believed Bridges would not have provided credible or consistent testimony and instead chose to rely on the testimony of other credible witnesses. This finding lacks a basis in the State court record and merely appears to be a wholesale adoption of counsel’s testimony at the post-trial hearing.
The issue before the California Court of Appeal was whether trial counsel failed adequately to investigate and to introduce evidence that would have demonstrated petitioner’s factual innocence, or raised sufficient doubt as to that question to undermine confidence in the verdict. See Riley v. Payne, 352 F.3d 1313, 1318 (9th Cir.2003). Counsel’s own testimony reveals that he did not adequately investigate the possibility of calling Bridges or any other witness[1] to rebut the account of the prosecution’s star witness, Marlon Ju~ nor, regarding the events at the Whiskey Creek nightclub. Bridges was the only witness — other than Marcus Henderson, who was petitioner’s codefendant and deeply implicated in the crimes — who could have offered exculpatory testimony on petitioner’s behalf regarding his participation in the events underlying the attempted murder charge. Despite this fact, counsel does not appear to have conducted an “interview” of Bridges, as the California Court of Appeal characterized it. Rather, counsel talked to Bridges briefly in the hallway during the trial, after Henderson had already testified in his own defense.
Insofar as counsel claimed to have based his decision not to call Bridges on *643 inconsistencies in Bridges’s prior testimony and police statements, the record reveals that counsel was unable to identify a single inconsistency. Furthermore, counsel’s assertion that he did not call Bridges because he believed his testimony would conflict with that of Henderson, thus undermining Bridges’s credibility, is unsupported by the record. Both Bridges and Henderson agreed on the salient issues: that Junor was not present and, more importantly, that petitioner was not aware that Bridges and Arthur Gee planned to commit any crimes at Whiskey Creek. Lastly, counsel was either unaware or disregarded that Bridges had turned himself into the police and led them to Henderson, a significant fact that counsel admitted would'have enhanced Bridges’s credibility.
Because the California Court of Appeal adopted counsel’s explanations for not calling Bridges as a witness even though his explanations were undermined by the evidence in the record before it, I conclude that it unreasonably determined the facts when it found that counsel made a tactical decision not to call Bridges.[2]
I would further rule that the California Court of Appeal’s ultimate legal conclusion, that counsel’s “tactical decision not to call upon the testimony of an unreliable witness did not fall outside the wide range of reasonable professional conduct,” was contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent. 28 U.S.C. § 2254(d)(1).[3] By adopting counsel’s bare assertion that his decision was tactical, the California Court of Appeal concluded perforce that counsel’s performance was sufficient and failed to evaluate the potential benefit of Bridges’s testimony. For the reasons stated above, I would find that counsel’s performance was constitutionally deficient. Furthermore, I would conclude that petitioner was prejudiced. Had Bridges testified, he could have corroborated co-defendant Henderson’s testimony and directly impeached Junor on the critical point that petitioner was not aware that Henderson *644 and Gee intended to commit a robbery at Whiskey Creek and, indeed, learned of the shooting after it happened. Because counsel had no other credible direct evidence with which to impeach Junor, and in the context of the full record bearing on this issue, I would conclude that a reasonable probability exists that, but for counsel’s unprofessional error, the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
For these reasons, I would reverse petitioner’s conviction of attempted murder and remand and order the district court to issue the writ on that charge. I would affirm the district court’s decision in all other respects.

. Counsel admitted that he did not attempt to locate any potentially exculpatory witnesses regarding the events at Whiskey Creek even though he had the funds to do so. He testified that he did not believe any private investigation was necessary.

. The majority characterizes the State court's finding that counsel made a tactical decision as a credibility determination between counsel's testimony that Bridges's statements were inconsistent and Bridges’s declaration that they were not. Finding that this creates a "debatable inference" about which reasonable minds can differ, the majority concludes that the State court could not have made an unreasonable determination. This characterization is inaccurate. The State court was not, as the majority suggests, forced to make a credibility determination between counsel’s testimony and Bridges' declaration in order to decide whether petitioner had received ineffective assistance. Rather, the State court had and was obligated to consider the entire record before it. That record demonstrates that Bridges’ proposed testimony would not have been inconsistent with that given by Henderson at trial. Thus, counsel’s explanation was undermined by more than merely Bridges's declaration. Furthermore, the majority’s opinion "regrettably fails to consider whether the decision [to investigate fully avenues of mitigating evidence] was also ‘strategic' as a matter of fact.” Wood v. Allen, - U.S. -, 130 S.Ct. 841, 853, - L.Ed.2d - (2010) (Stevens, J., dissenting). Given that counsel admitted he did not conduct any private investigation and only briefly and belatedly spoke with Bridges, I cannot conclude that counsel's decision was strategic as a matter of fact.

. "[A] federal court reviewing a state court conclusion on a mixed issue involving questions both of fact and law must first separate the legal conclusions from the factual determinations that underlie it. Fact-finding underlying the state court’s decision is accorded the full deference of § 2254(d)(2) and (e)(1), while the state court’s conclusion as to the ultimate legal issue — or the application of federal law to the factual findings — is reviewed per § 2254(d)(1) in order to ascertain whether the decision is 'contrary to, or involved an unreasonable application of, clearly established’ Supreme Court precedent.” Lambert v. Blodgett, 393 F.3d 943, 977-78 (9th Cir.2004).